UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20731-CIV-MOORE
MAGISTRATE JUDGE P.A. WHITE

NELSON CARTAGENA-MERCED,          :

      Movant,                   :

v.                                :          REPORT OF
                                             MAGISTRATE JUDGE
UNITED STATES OF AMERICA,         :

      Respondent.              :
_____

       Nelson Cartagena-Merced filed a pro se petition for writ of
habeas corpus pursuant to 28 U.S.C. §2241 while confined at the
Federal Correctional Center in Miami. The petitioner is attacking
convictions and sentences entered in the United States District
Court of Puerto Rico, Case No. 97-110-002-Cr- JF for aiding and
abetting in a bank robbery, assault, and other violations, while
using a firearm during and in relation to a crime of violence.


       This Cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and
Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for
the United States District Courts.


       No Order to Show Cause was issued in this case because the
petition is in legal effect a successive motion to vacate pursuant
to 28 U.S.C. §2255.

On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> * * *
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
> * * *
>
> (Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain--
>   (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing evidence
> that no reasonable factfinder would have found the
> movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme Court, that
> was previously unavailable.

Merced filed a prior motion to vacate in the United States District Court of Puerto Rico pursuant to 28 U.S.C. 2255, which was denied on January 16, 2004, Case No. 01-2165 JAF. (DE#1 p.5) Therefore this petition is successive.

Analysis and Law

Merced filed this petition pursuant to 28 U.S.C.§ 2241 to avoid the procedural bar of filing a successive motion to vacate pursuant to 28 U.S.C. §2255. Merced argues that he falls within the exception to the procedural bar against filing successive motions because this petition is the only available remedy to him. The petitioner's arguments are directly contradicted by case law.

The exclusive remedy for testing the validity of a judgment or sentence,  unless it is inadequate or ineffective, is that provided for in 28 U.S.C.§2255. Caravalho v. Pugh, 177 F.3d 1177 (10 Cir. 1999). The petitioner appears to have filed his §2241 petition under §2255 "savings clause" on the ground that §2255 is inadequate or ineffective to test the legality of his detention. The savings clause applies when (1) a claim is based on a retroactively

3

applicable Supreme Court decision, (2) the decision's holding establishes that the petitioner was convicted of an offense that is now non-existent, and (3) circuit law squarely foreclosed such claim at the time it otherwise should have been raised at trial, on appeal, or in the petitioner's first §2255 motion. See Wofford v. Scott, 177 F.3d 1236, 1244 (11 Cir. 1999). The petitioner satisfies none of the three prongs of the Wofford test, thus, the savings clause is unavailable in this case. A §2241 petition may not be used to avoid the Rules regarding successive §2255 motions found in the AEDPA. See Wofford, supra.

Merced was convicted in Count five of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c)(1)&(2), and sentenced on November 4, 1998. The petitioner's conviction was affirmed on August 30, 2001. US v Mojica-Baez, 229 F.3d 292 (1st Cir. 2000).

In 1995 the case of Bailey v U.S, 516 US 137 (1995) was decided. In this case the Court distinguished between the "use" and "carrying" prong of 924(c)(1), find that "use" in relation to drug trafficking requires more than a mere showing of possession. Petitioner claims that pursuant to *Bailey* he neither used, nor carried a firearm and is therefore innocent of the crime.

*Bailey* was decided in 1995, prior to the petitioner's

convictions and sentence, and could have been raised either during trial or on appeal, if applicable. Petitioner is claiming ineffective assistance for failing to raise a <u>Bailey</u> argument at trial. Even if counsel failed to raise this issue, Merced filed a §2255 motion in the District Court of Puerto Rico which was denied in 2004, and he could have raised the <u>Bailey</u> issue at that time, either with counsel or <u>pro-se</u>. This case has no retroactive applicability to the petitioner's conviction, nor did case law foreclose him from raising this issue at his trial, on appeal or in a motion to vacate.

The petitioner cites to <u>Reyes-Requena v US</u>, 243 F.3d 893 (5 Cir. 2001) for support of his contention. In fact, it is in direct contradiction to the petitioner's arguments. That case was decided in the petitioner's favor because <u>Bailey</u> was decided after the petitioner's conviction in 1990, and first motion to vacate, and therefore the claim had been previously unavailable to the petitioner and the Court found it to be retroactive.

<u>Conclusion</u>

Merced has failed to demonstrate that he falls within the exception to the savings clause as cited in  <u>Wofford</u>, <u>supra</u>, and therefore this petition is successive.

5

It is therefore recommended that this motion to vacate be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 6th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Nelson Cartagena Merced, Pro Se
      Reg#14834-069
      FCI-Miami
      Address of Record

6